UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ERIK SELFRIDGE,

      Plaintiff,

  v.

CITY OF NORTH LAS VEGAS; CITY OF NORTH LAS VEGAS ANIMAL PROTECTION SERVICES,

      Defendants.

Case No. 2:26-CV-01349-GMN-EJY

**ORDER**

Pending before the Court are Plaintiff's Application to Proceed *in forma pauperis* ("IFP") and Civil Rights Complaint. ECF Nos. 1, 1-1. Plaintiff's IFP is complete and granted below. For the reasons stated below, the Court dismisses Plaintiff's Complaint without prejudice, with one opportunity to amend.

**I.     Screening Standard**

When reviewing a complaint filed by a *pro se* plaintiff, the Court must identify any cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In making this determination, the Court treats all allegations of material fact stated in the complaint as true, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

That is, *pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Allegations of a *pro se* complainant are held to less stringent standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under

1

Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* In addition, a reviewing court should "begin by identifying … [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

Under the Due Process Clause of the Fourteenth Amendment, "No State shall ... deprive any person of life, liberty, or property, without due process of law." U.S. Const., Amend. XIV § 1. This clause guarantees the government provide procedural due process when it dispossesses an individual of a liberty or property interest. *Armstrong v. Manzo*, 380 U.S. 545, 550 (1965). To state a claim for procedural due process, a plaintiff must show: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government, and (3) lack of process." *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). The amount of process required varies depending on the circumstances; however, courts generally rely on the following factors: the private interest that will be impacted by the government's actions; the risk of an erroneous deprivation and the probable value of additional or substitute procedural safeguards; and the government's interest. *Mathews v. Eldridge*, 424 U.S. 319, 334-35 (1976).

## II.    Discussion

Plaintiff asserts Fourth and Fourteenth Amendment claims against the City of North Las Vegas and City of North Las Vegas Animal Protection Services alleging that seven unweaned puppies and their mother were taken from him in violation of NRS 574.500.  ECF No. 1-1 at 4. Plaintiff says he attempted to obtain relief in the North Las Vegas Municipal Court and the Eighth Judicial District Court but both courts dismissed his claims.

Initially, the Court notes that NRS 574.500 does not provide for a private right of action. That is, the statutory language neither states nor implies private-right-creating language demonstrating an intent to establish a private right of action.  NRS 574.500(2).  "[I]f the statutory language itself does not display an intent to create a private remedy, then a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute."  *Abcarian v. Levine*, 972 F.3d 1019, 1026 (9th Cir. 2020) (quoting, in part, *Alexander v. Sandoval*, 532 U.S. 275, 287 (2001) (further citations omitted).  Further, the statute prohibits separating a mother and unweaned dogs "until it is 8 weeks of age or accustomed to taking food or nourishment other than by nursing, whichever is later."  NRS 574.500(2).  To this end, Plaintiff says the mother and puppies were taken together.  ECF No. 1-1 at 4 (the "City of North Las Vegas seized seven unweaned puppies and their mother ….").  Thus, on its face, it does not appear there was a violation of the statute.

To sue the City of North Las Vegas or one of its subdivisions such as Animal Protection Services, Plaintiff must state a claim under *Monell v. Dept. of Soc. Servs*, 436 U.S. 658 (1978).  A plaintiff asserting a constitutional claim against a municipality like the City of North Las Vegas under *Monell* must, at a minimum, allege: (1) the plaintiff had "a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to his constitutional right; and (4) the policy is the moving force behind the constitutional violation." *Gordon v. County of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) (internal quotation marks and citation omitted).  Further, before a *Monell* claim will proceed to litigation, a plaintiff must allege one of three liability theories.  *Thomas v. County of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014) (per curiam).  A local governmental entity like the City of North Las Vegas (the potentially proper

defendant) may be held liable when it acts "pursuant to an expressly adopted official policy." *Id.* (citing *Monell*, 436 U.S. at 694); *Lytle v. Carl*, 382 F.3d 978, 982 (9th Cir. 2004). Alternatively, a municipal entity may be held liable for a "longstanding practice or custom" that violates a constitutional right. *Thomas*, 763 F.3d at 1170 (citation omitted). Finally, North Las Vegas may be liable under Section 1983 when "'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010) (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992), *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016). Plaintiff states no facts establishing an express, officially adopted policy, a longstanding practice or custom, or an act committed by or ratified by a final policy making authority that violates a constitutionally protected right. Instead, Plaintiff pleads facts related to a single event that is insufficient to state a claim under *Monell*. *City of Oklahoma v. Tuttle*, 471 U.S. 808, 823-24 (1985) ("[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker.").

The Court also finds Plaintiff does not establish a violation of his Fourteenth Amendment rights based on the allegations asserted. Under the Due Process Clause of the Fourteenth Amendment, "No State shall ... deprive any person of life, liberty, or property, without due process of law." U.S. Const., Amend. XIV § 1. This clause guarantees that the government will provide procedural due process when it dispossesses an individual of a liberty or property interest. *Armstrong v. Manzo*, 380 U.S. 545, 550 (1965). To state a claim for procedural due process, a plaintiff must show: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government, and (3) lack of process." *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). The amount of process due varies depending on the circumstances; however, courts generally rely on the following factors: the private interest that will be impacted by the government's actions; the risk of an erroneous deprivation and the probable value of additional or substitute procedural safeguards; and the government's interest. *Mathews v. Eldridge*, 424 U.S.

4

319, 334-35 (1976). Plaintiff identifies no process to which he was due before the seizure of the puppies and mother dog occurred. Plaintiff also fails to address the factors considered when determining the amount of process due. For these reasons, Plaintiff does not state a Fourteenth Amendment due process claim in his currently pleaded Complaint.

Finally, Plaintiff pleads insufficient facts to allow the Court to determine whether the alleged seizure was potentially in violation of his Fourth Amendment rights. Plaintiff offers no facts addressing whether the dogs were in his home when they were seized; if the seizure was from Plaintiff's home, whether Animal Protection Services had a warrant to enter the home for purposes of a search and potential seizure; whether there may have been exigent circumstances that would allow for entry into the home without a search warrant; and if the seizure was not from Plaintiff's home, what Fourth Amendment right belonging to Plaintiff was violated. Thus, as presently pleaded, Plaintiff fails to state a cognizable Fourth Amendment violation.

**III.    Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) must be filed on the docket.

IT IS FURTHER ORDERED that Plaintiff's Complaint is dismissed without prejudice and with *one* opportunity to amend.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint he must do so no later than **June 30, 2026**. The amended complaint must be titled "AMENDED COMPLAINT" and must include factual allegations sufficient to state a claim against the City of North Las Vegas, the proper defendant, under the *Monell* standard stated above. Plaintiff must allege sufficient facts demonstrating an express policy, longstanding practice or a violation of the Fourth or Fourteenth Amendment committed by or ratified by a final policy making authority.

IT IS FURTHER ORDERED that failure to comply with the substance of this Order will result in a recommendation that this matter be dismissed with prejudice.

Dated this 5th day of June, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE